NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH P. CARMICHAEL, | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | **OPINION** |
| v. | Civil Action No. 13-cv-2409 (DMC)(JBC) |
| ROBERT CARMICHAEL, EQUITY RISING LP, CARMICHAEL COUNTRY, INC., and MERILN SECURITIES, LLC, | |
| Defendants. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon the Motion of Defendant Merlin Securities, LLC ("Defendant") to dismiss the Complaint of Plaintiff Joseph P. Carmichael ("Plaintiff"). Pursuant to FED. R. CIV. P 78, no oral argument was heard. Based on the following and for the reasons expressed herein, Defendant's Motion to Dismiss is **granted**.

**I.   BACKGROUND**[1]

Plaintiff states that Robert Carmichael ("Robert") is the founder and President of Equity Rising LP ("Equity Rising") and Carmichael Country, Inc. Plaintiff claims that Robert represented to him that he was an expert in the financial planning and securities industries and that he had the knowledge, experience, and ability to safeguard and effectively oversee and manage Plaintiff's investments. Plaintiff also alleges that Robert told him that he would safeguard Plaintiff's retirement funds and maintain a careful, conservative investment strategy,

---

[1] The facts from this section are taken from the parties' pleadings.

1

including minimum risk and steady growth. Plaintiff states that, based on Robert's representations, he transferred $429,505.49 from his securities retirement account into the care and custody of Robert to safeguard and invest prudently.

Plaintiff claims that shortly after making the investment, Defendant began to send him regular account statements that reflected the transfer of his retirement investments into 416,571 shares in Equity Rising. Plaintiff alleges that the statements initially reflected a value of $416,571 for the Equity Rising shares. Plaintiff claims that on or about January 28, 2009 and January 29, 2010 he received account statements from Defendant indicating that the value of his ownership interest in Equity Rising was $416,571.

In June 2012, Plaintiff alleges that he received a quarterly account statement that indicated that although the account had declined, it still had a value of almost $300,000. Plaintiff states that the next account statement that he received from Defendant, dated August 3, 2012, indicated that his investment's net equity for the period ending August 31, 2012 was zero. Plaintiff claims that before receiving this statement, he had unsuccessfully attempted to contact Robert in order to gain information about his funds. Plaintiff alleges that after receiving the last statement, he contacted Defendant and was told that his account had no real value for "months – or longer." Plaintiff claims that Defendant could not explain the deceptive and false nature of its periodic statements and alleges that if the statements had been true, he would have been able to salvage some or most of his retirement funds.

Plaintiff filed a ten count complaint on April 15, 2013 (ECF No. 1). Defendant filed the instant Motion to Dismiss on July 22, 2013 (ECF No. 18). Plaintiff filed an Opposition on October 11, 2013 (ECF No. 27). Defendant filed a Reply on November 25, 2013 (ECF No. 30).

**II.      STANDARD OF REVIEW**

In deciding a motion under FED. R. CIV. P. 12(b)(6), the District Court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [plaintiff]." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). However, the plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions and a formulaic recitation of the elements of a cause of action will not do." Id. On a motion to dismiss, courts are "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Plaintiff's complaint is subject to the heightened pleading standard set forth in Ashcroft v. Iqbal:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

556 U.S. 662, 678-679 (2009) (quoting Twombly, 550 U.S. at 557, 750).

## II. DISCUSSION

### A. Counts Two, Three, and Four

Count two of the Complaint alleges common law fraud, count three alleges a violation of the New Jersey Uniform Securities Act ("NJUSA"), and count four alleges a violation of Section 10(b) of the Securities and Exchange Act of 1934 ("§10(b)"). Fraud claims are subject to the heightened pleading standard set forth in Federal Rule of Civil Procedure 9(b), which provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances

3

constituting fraud or mistake."

Plaintiff's Complaint does not satisfy Rule 9(b). While Plaintiff claims that Defendant engaged in fraud by sending him false balance sheets, he provides no detail as to which balance sheets were inaccurate due to Defendant's alleged fraudulent conduct. This Court is mindful that "in cases of corporate fraud, plaintiffs cannot be expected to have personal knowledge of the details of corporate internal affairs." Craftmatic Sec. Litig. v. Kraftsow, 890 F.2d 628, 645 (3d Cir. 1989). However, the only inference in Plaintiff's Complaint that Defendant acted fraudulently is the accusation that after receiving his last statement from Defendant, he contacted Defendant and was advised "that the account had no real value for months – or longer" (Pl.'s Opp'n at 6). Plaintiff does not provide the date of this conversation, nor any information about the person he spoke with. These are not details that he can claim are in the sole possession of Defendant. Further, Plaintiff's Complaint repeatedly groups all Defendants together as one (See, e.g., Compl. ¶46 ("[B]y sending Plaintiff periodic statements that falsely reflected a significant value in Plaintiff's Account, when, in fact, the account and the shares . . . were worthless and non-existent, Defendants engaged in fraud and misrepresentation"); ¶57 ("Defendants are in violation of . . . [NJUSA] by . . . (1) defrauding Plaintiff, (ii) making untrue statements of material fact, and (iii) omitting statements of material fact"); ¶ 67 ("These defendants each employed devices, schemes, and artifices to defraud . . . .")). As this District has stated, "[c]ollectivized allegations that generally allege fraud as against multiple defendants, without informing each defendant as to the specific fraudulent acts he or she is alleged to have committed, do not satisfy Rule 9(b)." Hale v. Stryker Orthopaedics, No. 08-3367, 2009 WL 321579, at *6 (D.N.J. Feb. 9, 2009). Accordingly, counts two through four are dismissed.

**B. Counts One, Five, Eight, and Nine**

4

Count nine of the Complaint alleges a breach of fiduciary duty. Count one alleges that "Defendants, by virtue of, among other things, their fiduciary relationship with Plaintiff, owe Plaintiff a duty to fully account for the funds that Plaintiff entrusted in Defendants' care and custody." (Compl. ¶ 37). Thus, counts one and nine require the existence of a fiduciary duty. Counts five and eight of the Complaint also require the existence of a duty, as they allege "breach of special relationship"[2] and negligence. See Piscitelli v. Classic Residence by Hyatt, 973 A.2d 948, 965 (N.J. Super. Ct. App. Div. 2009) (stating that a negligence claim requires a plaintiff to show "1) [a] duty of care; (2) a breach of that duty; (3) proximate cause; and (4) actual damages").

Counts one, five, eight, and nine fail because the Complaint does not allege the existence of any duty between Plaintiff and Defendant. Plaintiff's Opposition repeatedly alleges that Plaintiff was a "customer" of Defendant. Plaintiff also argues that Defendant was "responsible for executing trades on Plaintiff's behalf" (Pl.'s Opp'n at 35). However, the Complaint makes no allegation that Plaintiff was a customer of Defendant, nor does it allege that Defendant made any trades on Plaintiff's behalf. As such, the Complaint fails to establish a relationship between Plaintiff and Defendant, and counts one, five eight, and nine must be dismissed.

### C. Counts Six and Seven

Count six of the Complaint alleges conversion. Conversion is defined as "an unauthorized assumption and exercise of the right of ownership over goods or personal chattels belonging to another, to the alteration of their condition or the exclusion of an owner's rights." Barco Auto Leasing Corp. v. Holt, 548 A.2d 1161, 1164-65 (N.J. Super. Ct. App. Div. 1988). Here, the Complaint alleges that Robert, rather than Defendant, exercised ownership over

---

[2] While it is unclear from Plaintiff's Complaint what it is that count five alleges, Plaintiff clarifies in his Opposition that count five alleges negligence *per se*.

Plaintiff's funds. Although Plaintiff claims in his Opposition that Defendant had "intimate access" to his account (Pl.'s Opp'n at 43), his Complaint makes no allegation that any funds were transferred to Defendant. Rather, the Complaint states that Plaintiff's funds were "misappropriated and taken by Robert" (Compl. ¶ 33). Further, although Plaintiff argues that paragraph seventy-eight of the Complaint adequately alleges that Defendant engaged in conversion, this paragraph simply states that "Defendants have wrongfully converted the property of Plaintiff, specifically, the investment funds, to their own use" (Id. ¶ 78). This single conclusory sentence does not state a claim for conversion against Defendant, especially when the remainder of the Complaint makes it clear that Plaintiff's funds were controlled by Robert.

Count seven of the Complaint alleges unjust enrichment. To state a claim for unjust enrichment, a plaintiff must show "that defendant received a benefit and that retention of that benefit without payment would be unjust." VRG Corp. v. GKN Realty Corp., 641 A.2d 519, 526 (N.J. 1994). Further, the plaintiff must show that "it expected remuneration from the defendant at the time it performed or conferred a benefit on defendant and that the failure of remuneration enriched defendant beyond its contractual rights." Id. This claim fails for the same reason as Plaintiff's conversion claim, as Plaintiff has not alleged that Defendant received any of Plaintiff's funds. Accordingly, counts six and seven of the Complaint are dismissed.

### D. Count Ten

Count ten of the Complaint alleges "failure to supervise." To state a claim for negligent supervision, a plaintiff must show that 1) the defendant employer "knew or had reason to know of the particular unfitness, incompetence, or dangerous attributes" of its employee; 2) the defendant "could reasonably have foreseen that such qualities created a risk of harm to other persons; and 3) the defendant's negligence proximately caused the plaintiff's injuries. Smith v.

6

Harrah's Casino Resort of Atl. City, No. A-0855-12T2, 2013 WL 6508406, at *3 (N.J. Super. Ct. App. Div. Dec. 13, 2013). Plaintiff's Complaint fails to state a claim for negligent supervision because it does not allege that Robert was the employee of Defendant. In his Opposition, Plaintiff asserts that his Complaint "establishes control by [Defendant] over Robert Carmichael because [Defendant] is the only party alleged to be a registered broker-dealer in Plaintiff's Complaint" and that therefore it is reasonable to conclude "that Robert Carmichael is a representative of [Defendant]" (Pl.'s Opp'n at 46). This court fails to see how the fact that Defendant is the only broker-dealer named in the Complaint shows that Defendant somehow had a duty to supervise Plaintiff. Accordingly, count ten of the Complaint is dismissed.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is **granted**. An appropriate order follows this Opinion.

*Dennis M. Cavanaugh, U.S.D.J.*

Date: January 3 1, 2014
Original: Clerk's Office
cc: Hon. James B. Clark U.S.M.J.
All Counsel of Record
File